**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**MORRIS KOONTZ**                                                                                      **PLAINTIFF**
**VDOC #2302137**

**v.**                                         **Case No. 2:25-cv-00246-KGB-ERE**

**DEXTER PAYNE,** *et al.*                                                                   **DEFENDANTS**

## ORDER

Before the Court is the Partial Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 12). Plaintiff Morris Koontz has filed objections to the Recommendation (Dkt. No. 13). After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 12).

### I.      Background

Koontz, currently an inmate confined in the Virginia Department of Corrections, filed this action when he was an inmate in the Arkansas Division of Correction ("ADC") (Dkt. No. 12, at 2–3). In his complaint, Koontz brings claims alleging that: (1) since he was transferred to restrictive housing in 2012, he has suffered from mental health problems that ADC staff members have failed to treat; (2) the conditions of his confinement are unconstitutional; (3) sometime in 2022 or 2023, defendants Dexter Payne, M.D. Reed, William Straughn, Aundrea Culclager, and Moses Jackson authorized a policy to limit his property, resulting in the confiscation of his personal property without prior notice or a hearing; (4) in October 2022 or 2023, Koontz was forced to walk to the showers in front of other inmates wearing only his underwear and to shower nude in front of other inmates; (5) on an unspecified date, defendant Destinee Cotton allowed him to review

only part of his mental health file; (6) in December 2024, Koontz became seriously ill because of the unconstitutional conditions of his confinement; (7) defendant Eleanor Fondren refused to conduct Koontz's classification review in the privacy of his cell; and (8) in September 2025, after Koontz threatened to sue various ADC staff members, Culclager, Payne, and Straughn initiated a transfer of Koontz to a prison in Virginia.  In addition, Koontz alleges that, since he has been in custody in Virginia:  (1) his personal property has been confiscated; (2) the conditions of his confinement are unconstitutional; and (3) he has not been provided mental health treatment. Koontz sues 22 individuals as defendants in both their individual and official capacities seeking declaratory, monetary, and injunctive relief.

Because Judge Ervin found Koontz's complaint to be deficient, on February 10, 2026, she entered an Order providing Koontz the opportunity to file an amended complaint clarifying his constitutional claims.  Koontz has not filed an amended complaint, and the time for doing so has passed.

In the Recommendation, Judge Ervin recommends that Koontz be permitted to proceed on his medical deliberate indifference claims against defendants Demertic Johnson, Stephanie Jones, Onequa Scott, Gary Smith, Irma Allen, and Tyana Esau regarding their alleged failure to respond to his requests for mental health treatment (Dkt. No. 12, at 3, 5).  Judge Ervin recommends that Koontz's claims for money damages against any defendant in his or her official capacity be dismissed without prejudice (*Id*., at 5).  Finally, Ervin recommends that Koontz's remaining claims be dismissed without prejudice based on improper joinder and that defendants Payne, Lindsey Wallace, Culclager, William Straughn, Todd Ball, Michael Richardson, Timothy Owens, Natasha Hammock, Aarin Mitchell, Fondreau, R. Gray, Jason Palmer, Cotton, Gaylor Lay, Jackson, and Reed be dismissed as party defendants (*Id*., at 3, 5–6).

2

Koontz filed objections to the Recommendation (Dkt. No. 13).  Koontz objects to the dismissal of defendants Culclager, Owens, Hammock, Mitchell, Fondreau, Palmer, and Cotton (*Id*., ¶ 2).  Koontz states that he believes that he has shown deliberate indifference against these defendants because they were "directly involved in denying plaintiff adequate mental health treatment" (*Id*., ¶ 3).

## II.      Screening The Complaint

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*.  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   Analysis

The Court writes separately to address Koontz's objections (Dkt. No. 13).   In his objections, Koontz argues that he has shown deliberate indifference against defendants Culclager, Owens, Hammock, Mitchell, Fondreau, Palmer, and Cotton (Dkt. No. 13, ¶¶ 2–3).  After a review of Koontz's complaint and a *de novo* review of the record, the Court disagrees.   Koontz does not allege specific facts in his complaint to state a plausible deliberate indifference claim against any of these defendants.  To the extent that Koontz is claiming that these defendants are liable under 42 U.S.C. § 1983 because they supervised the other defendants, a supervisor cannot be held vicariously liable under § 1983 for constitutional violations committed by subordinates.  *See Iqbal*, 556 U.S. at 676; *Keeper*, 130 F.3d at 1314 ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").  To the extent that Koontz asserts that he has shown deliberate indifference against defendants because he filed grievances related to his medical care that were reviewed by any of these defendants, that claim also fails because Koontz did not and does not have a constitutional right to have defendants follow the ADC grievance policy.  *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Upon a *de novo* review of the record, including the Recommendation, the Court finds that Koontz's objections break no new ground and fail to rebut the Recommendation.  Thus, the Court agrees with the Recommendation and adopts it as its findings in its entirety (Dkt. No. 12).

### IV.   Conclusion

For these reasons, the Court adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 12).  Therefore, it is ordered that:

1. Koontz may proceed with his medical deliberate indifference claim against defendants Johnson, Jones, Scott, Smith, Allen, and Esau (Dkt. No. 2);

2. Koontz's claims for money damages against any defendant in his or her official capacity are dismissed without prejudice (*Id*.);

3. Koontz's remaining claims are dismissed without prejudice based on improper joinder (*Id*.);

4. The Clerk is instructed to terminate the following as party defendants is this matter: Payne, Wallace, Culclager, Straughn, Ball, Richardson, Owens, Hammock, Mitchell, Fondreau, Gray, Palmer, Cotton, Lay, Jackson, and Reed; and

5. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

So ordered, this 20th day of July, 2026.

_____
Kristine G. Baker
Chief United States District Judge