**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**MORRIS KOONTZ** **PLAINTIFF**
**VDOC #2302137**

**V.** **NO. 2:25-cv-00246-KGB-ERE**

**TYANA ESAU, *et al.*** **DEFENDANTS**

**ORDER**

*Pro se* plaintiff Morris Koontz has filed: (1) a motion for the appointment of counsel; and (2) a motion to compel discovery. *Docs. 24, 27*. For the reasons explained below, Mr. Koontz's motions are denied.

**I. Motion for the Appointment of Counsel**

A *pro se* litigant in a civil case does not have a statutory or constitutional right to appointed counsel. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if the *pro se* prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson*, 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the

existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794.

This case is neither factually nor legally complex. And Mr. Koontz has demonstrated that he can present and pursue his case. After considering all relevant factors, the Court declines to appoint counsel at this point in the case.[1]

## II. Motion to Compel

In his motion to compel, Mr. Koontz requests that the Court order Defendants to respond to his August 31, 2026 discovery requests. Based on a review of Defendants' responses to Mr. Koontz's discovery requests (*Doc. 29 at 3-11*), Defendants already responded to those requests in accordance with the Federal Rules of Civil Procedure governing discovery. Defendants objected to only three of the sixteen interrogatories, and the stated objections are not improper, especially in light of the broad and vague nature of the interrogatories. In response to most of the other interrogatories, Defendants produced job descriptions or policies and made Mr. Koontz's medical records available for his review. Producing business records is a recognized option under Federal Rule of Civil Procedure 33 and was properly exercised here. See Fed R. Civ. P. 33(d) (permitting a responding party to identify

[1] As the case proceeds, the Court will reconsider, on its own, whether counsel should be appointed to assist Mr. Koontz. And if the case is scheduled for trial, the Court will likely appoint counsel to assist Mr. Koontz.

or provide access to business records "if the burden of deriving or ascertaining the answer will be substantially the same for either party.").

Mr. Koontz's motion to compel is denied.

## III. Conclusion

IT IS THEREFORE ORDERED THAT Mr. Koontz's motion for the appointment of counsel and motion to compel (*Docs. 24, 27*) are DENIED.

DATED 9 November 2026.

UNITED STATES MAGISTRATE JUDGE